**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.M.**

**No. 22-755** (Monroe County CC-32-2021-JA-5)

**MEMORANDUM DECISION**

Petitioner Mother B.R.[1] appeals the Circuit Court of Monroe County's August 24, 2022, order terminating her parental rights to L.M.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In February 2021, the DHHR filed a petition alleging that petitioner's substance abuse rendered her unable to properly care for the child. The petition further alleged that petitioner had a substantiated history of child abuse and neglect with Child Protective Services and that the home where the child resided with the father was in deplorable condition. Following a hearing in April 2021, the court adjudicated petitioner of neglecting the child based upon her substance abuse and her knowingly allowing the child to live in the father's "unclean and hazardous" home.

The following month, the court granted petitioner's motion for a post-adjudicatory improvement period, the terms and conditions of which required petitioner to, among other things, obtain safe, stable housing and employment. However, at a hearing in April 2022,[3] the court found that although petitioner's case had progressed for fourteen months, she had "shown very little improvement." Accordingly, the court set the matter for disposition.

---

[1]Petitioner appears by counsel John C. Anderson II. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Steven R. Compton. Counsel Amy L. Mann appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]It appears that the court held several review hearings between granting the improvement period and holding the April 2022 hearing. However, petitioner failed to include any of the resulting orders in the appendix record on appeal.

1

The court held a series of dispositional hearings, culminating in a final dispositional hearing in August 2022. The court noted that petitioner had been on an improvement period for fourteen months, yet still lacked safe, stable housing. According to the record, petitioner lived in a motel. Further, the court found that petitioner failed to maintain consistent, stable employment throughout the proceedings. The court also noted that petitioner had not had a single overnight visit with the child because of the lack of stable housing. Based on the foregoing, the court concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and that the child's welfare required termination of her parental rights. Accordingly, the court terminated petitioner's parental rights to the child.[4] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit court erred in concluding that there was no reasonable likelihood that she could substantially correct the conditions of neglect in the near future. Upon our review, we find petitioner's arguments to be without merit.

Petitioner points to her clean drug screens as indicative of her ability to correct the conditions of neglect. However, petitioner fails to recognize that she was also required to obtain suitable housing and employment in order to correct the issues for which she was adjudicated. Petitioner admits on appeal that she lacked suitable housing at the time of the dispositional hearing, but she argues that she had obtained employment; however, the only evidence that she was employed was her self-serving testimony. Even more importantly, petitioner admitted that she had not, in fact, begun her employment at the time of the dispositional hearing, further undercutting her position before this Court. Simply put, the circuit court considered petitioner's testimony concerning her efforts to remedy the conditions of neglect and found it lacking in comparison to the record as a whole. This is a credibility determination we refuse to disturb on appeal. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

Ultimately, we find no error in the termination of petitioner's parental rights because her admission to failing to comply with the requirements of the family case plan constitutes a circumstance in which there is no reasonable likelihood that the conditions of neglect can be substantially corrected. *See* W. Va. Code § 49-4-604(d)(3). Similarly, we find no error in the termination of petitioner's parental rights because the court had ample evidence upon which to make the necessary findings. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental

---

[4]The father's parental rights were also terminated. The permanency plan for the child is legal guardianship in the current placement.

rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 24, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn